STANLEY B. KAPLAN, Respondent-Appellant, v. COTT BEVERAGE CORP. et al., Appellants-Respondents.— Judgment unanimously modified on the law and on the facts to grant judgment to the defendants on the second cause of action and dismiss that cause of action, and, as so modified, judgment affirmed, with $50 costs to defendants. The documentary proof and testimony conclusively establish that the sum of $5,658.67 representing insurance premiums prepaid by plaintiff was one of several items in dispute between the parties. While the plaintiff by his unilateral act struck from the bill of sale the references to "insurance policies", the proof is that they were delivered to defendants. Moreover, the general release executed by plaintiff contained no reservation or exception. The parties recognized that there were certain adjustments to be made that were not set forth in the written agreement of September 17, 1958. Defendants eventually fixed the amount due plaintiff in the sum of $2,625.90 and tendered such sum to the latter both at the time and in their answer herein. Included in this amount was an item set forth as a credit to plaintiff of $3,763.42. The area of disagreement is shown in Exhibit 12 (for identification) wherein plaintiff claimed the balance due him of $1,895.25 representing the difference between the amount claimed by him ($5,658.67) and the figure credited by defendants ($3,763.42). Thus, it becomes clear that this was a disputed item embraced within the general release and its validity was destroyed by the execution of that instrument. It follows that the trial court erred in awarding judgment to plaintiff on the second cause of action (added during the trial) alleging that the sum of $5,658.67 was money had and received by defendants and their unjust enrichment by the receipt thereof. "A *quasi* or constructive contract rests upon the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of

another. In truth it is not a contract or promise at all. * * * Duty, and not a promise or agreement or intention of the person sought to be charged, defines it. It is fictitiously deemed contractual, in order to fit the cause of action to the contractual remedy." (*Miller* v. *Schloss*, 218 N. Y. 400, 407.) There is no proof here to establish such a cause of action. (Cf. *Grombach Prods.* v. *Waring*, 293 N. Y. 609.) Indeed, as heretofore stated, the proof is that the item of insurance premiums was part and parcel of the amount sought to be recovered by plaintiff in his first cause of action. The trial court correctly dismissed that portion of the complaint. Settle order on notice. Concur — Botein, P. J., Rabin, Eager, Steuer and Bastow, JJ. [27 Misc 2d 655.]